IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRUCE KEVIN JOHNSON, § | | |
|    Petitioner § | | |
| § | | |
| VS. § | | C.A. NO. C-12-392 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal § | | |
| Justice–Correctional Institutions Division,§ | | |
|    Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, ("TDCJ-CID"), and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 13, 2012 (D.E. 1).[1] Petitioner claims that there was insufficient evidence on which to base a finding of guilt in a disciplinary hearing which resulted in the imposition of punishment. Respondent filed a motion for summary judgment (D.E. 9) on March 19, 2013 to which petitioner did not respond. For the reasons stated herein, it is recommended that Respondent's motion for summary

---

[1] Prisoner petitions are considered filed on the day they are placed in the prison mail system, as evidenced by a declaration under penalty of perjury. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). Petitioner did not indicate when he placed his petition in the prison mail system, but the envelope in which he mailed the petition is post-marked December 13, 2012 and his petition will be considered filed as of that date.

judgment be granted and Petitioner's cause of action for habeas corpus relief be dismissed with prejudice.

## JURISDICTION

The actions about which petitioner complains occurred at the McConnell Unit in Beeville, Bee County, Texas and petitioner was incarcerated there at the time he filed his petition. This Court has jurisdiction over his case. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a 65-year sentence for aggravated sexual assault of a child under fourteen years of age (Comm. Inquiry, att. as Ex. A to Mot. for Sum. Jmt., D.E. 9-1 at 2-4). He does not complain about his holding conviction but challenges the result of a disciplinary hearing. In disciplinary case number 20120198927, Petitioner was accused and found guilty of possessing cocaine on March 21, 2012 (DHR at 1-2; D.E. 10-2 at 3-4).[2]

In the offense report, C. Saldivar, the charging officer, wrote that on March 21, 2012, while conducting a search of Petitioner's cell, he found three small pink pills hidden in a radio. The pills contained a white powdery substance, which, upon testing, was determined to be cocaine (DHR at 2; D.E. 10-2 at 4).

---

[2]"DHR" refers to the Disciplinary Hearing Records submitted by Respondent.

Petitioner did not make a statement during the preliminary investigation (DHR at 3; D.E. 10-2 at 5). At the hearing, Petitioner testified that the pills were Benadryl and that he hid them in the radio because he knew they were contraband (DHR at 11; D.E. 10-2 at 13). The charging officer testified via telephone that he had found the three capsules containing the white powdery substance in Petitioner's radio and that the substance tested positive for cocaine. *Id.*

Petitioner was found guilty based on the charging officer's statement, the written statement of the officer who tested the substance and the photos of the capsules. He was punished with the loss of forty-five days of commissary and recreation privileges, a reduction in line class from S3 to L1 and the loss of 365 days of good time (DHR at 1; D.E. 10-2 at 3).

Petitioner filed a Step 1 grievance on March 27, 2012, arguing that the capsules contained Benadryl and that the results of the test were "Neg-Positive." He also argued that the officer who graded his offense as "major" later "sat on the U.C.C. [Board] to give me punishment of G-5 custody." (DGR at 1; D.E. 10-1at 3).[3] On April 26, 2012, Petitioner received a reply from Warden M. Barber telling him that the disciplinary case was reviewed by the office and there was sufficient evidence to uphold the guilty verdict that he possessed cocaine (DGR at 2; D.E. 10-1 at 4).

---

[3]"DGR" refers to the Disciplinary Grievance Records submitted by Respondent.

Petitioner filed another Step 1 grievance on April 17, 2012, once again complaining about the disciplinary hearing and arguing that the powdery substance should have been tested by an independent laboratory (DGR at 3; D.E. 10-1 at 5). The grievance was returned to him because the grievable time period had expired (DGR at 4; D.E. 10-1 at 6).

Petitioner filed a Step 2 grievance on May 25, 2012, claiming he never received an answer to his first Step 1 grievance and that the answer on his second Step 1 grievance was inappropriate. Petitioner also reiterated his complaints about his disciplinary hearing (DGR at 5; D.E. 10-1 at 7). The grievance was returned to Petitioner on June 6, 2012 because the grievable time had expired (DGR at 5; D.E. 10-1 at 8).[4]

Petitioner filed this habeas action on December 13, 2012. He argues that there was insufficient evidence to support a finding of guilt because the white powdery substance was not tested by a qualified police department lab technician to determine whether it was cocaine or Benadryl.

In his motion for summary judgment, Respondent argues that Petitioner did not fully exhaust his administrative remedies and that he is now procedurally barred from

---

[4]Prison regulations require a prisoner to seek administrative review of an adverse disciplinary action within 15 days of the initial decision, and if that appeal is denied, to file a Step 2 Appeal within 15 days. Offender Orientation Handbook (2004)(available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf)(last viewed on May 15, 2013).

doing so. Respondent also argues that Petitioner received due process in the disciplinary hearing and that there was sufficient evidence on which to base a guilty verdict.

## APPLICABLE LAW

### A. Exhaustion and Procedural Bar

Respondent argues that petitioner did not properly exhaust all of his claims at the administrative level and because it is now too late for him to do so, the unexhausted claims are procedurally barred. Before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1). "To exhaust available state remedies, a habeas petitioner must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997)(internal quotations omitted). But, because Texas state courts do not review claims of lost good time or other results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the administrative appeals process rather than state court. *Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim.App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1985). The exhaustion requirement is mandatory and the administrative grievance procedure must be completed before a prisoner can file a law suit in federal court. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).

In addition, a federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722,

729, 111 S.Ct. 2546, 2553, 2554, 115 L.Ed.2d 640 (1991). In order to overcome the procedural bar, a petitioner must show either cause and prejudice for the error, or that failure to hear the claims would result in a miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338-339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992). In order to show a "miscarriage of justice," the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995).

The Fifth Circuit has not addressed the applicability of the procedural bar to habeas cases involving prison disciplinary cases. However, the Seventh Circuit has held that the final reviewing authority in the prison grievance process is the administrative equivalent to the state's highest court and that habeas claims based on disciplinary cases could be procedurally defaulted in the absence of cause and prejudice. *Moffat v. Broyles*, 288 F.3d 978, 981-982 (7th Cir. 2002). At least one Texas district court has adopted the reasoning in a published opinion. *Moffatt v. Director*, 390 F.Supp.2d 560, 562-563 (E.D. Tex. 2005). In the absence of authority to the contrary, the reasoning of those cases will be applied here.

Respondent in this case argues that petitioner did not exhaust his administrative remedies in regard to his claim because his Step 2 grievance was rejected for being untimely. Although Petitioner stated in his Step 2 grievance that he never received an answer to his first Step 1 grievance, he did not make that allegation in his complaint nor provide any evidence that he did not receive a timely response. To the contrary, the

summary judgment evidence shows that the response was returned to Petitioner on April 26, 2012 (Disp. Grv. Recs. at 1-2; D.E. 10-1 at 3-4) and that his Step 2 grievance was not timely filed. Accordingly, it is recommended that Petitioner's claim be dismissed as unexhausted and procedurally barred.

### B. Due Process Rights

Even if Petitioner's claims were not barred, he is not entitled to habeas relief.[5] In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [*Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* (internal citations omitted). Confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant

---

[5] Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2).

deprivation in which a state might conceivably create a liberty interest." *Id.*, 515 U.S. at 486, 115 S.Ct. at 2301.  The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id.*

### 1.  Loss of Privileges and Reduction in Line Class Status

To the extent petitioner is complaining about losing recreation and commissary privileges, he fails to state a basis for relief because such a loss does not pose an atypical or significant deprivation. *See Madison v. Parker*, 104 F.3d 765, 768 (45-day commissary and cell restrictions do not implicate due process concerns).  Therefore he cannot state a claim for habeas relief based on loss of privileges.

Petitioner's Line Class status was reduced from S3 to L1.  Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on the amount of time he is in custody.  Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(citing *Meachum v. Fano*, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), *cert. denied sub nom. Luken v. Johnson*, 116 S.Ct. 1690 (1996).  "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)).  *See also Malchi v. Thaler*, 211 F.3d 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford

him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating).

Petitioner is not entitled to habeas corpus relief based on his line class status or on his loss of recreation privileges. Accordingly, summary judgment should be entered for Respondent on these claims.

### 2. Loss of Good Time

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison*, 104 F.3d at 768 (citing Tex. Code Crim. Pro. Ann. art. 42.18 § 2(2)). Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. Tex. Gov't Code Ann. §508.147 (Vernon 2002). The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time credit. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

However, some inmates are not eligible for release to mandatory supervision because of the nature of their offenses. Petitioner is not eligible for release to mandatory supervision because he was convicted of aggravated sexual assault of a child (Mot. for Sum. Jmt, Ex. A; D.E. 9-1 at 2). *See also* Tex. Penal Code Ann. § 22.021 and Tex. Gov't Code Ann. §§508.147 and 508.149. Because Petitioner is not eligible for release to

mandatory supervision, he cannot show that he has been deprived of a liberty interest and therefore has failed to show he is entitled habeas corpus relief.

### 3. Due Process at Hearing

Finally, even if Petitioner had exhausted his claims and were eligible for release to mandatory supervision, he received due process. The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2979: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision.

Petitioner in this case received written notice of the charges and the hearing officer made a written record noting the evidence he relied on in finding petitioner guilty. Petitioner argues that the contraband was Benadryl and not cocaine and should have been sent to an independent laboratory for testing. This argument goes to the sufficiency of the evidence supporting the finding of guilt. It is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). As long as a hearing officer's decision is supported by some evidence and the requirements of *Wolff* have been met, the decision cannot be disturbed on judicial review. "[T]he relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent Mass. Corr. Institution v. Hill*, 472 U.S. 445, 455-456, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In this case, an officer submitted a statement that he conducted a field test on the substance found in Petitioner's radio and the test was positive for cocaine (DHR at 8; D.E. 10-2 at 10). The testimony of the officer is "some evidence" that supports a finding of guilt. Because Petitioner was provided the process he was due under *Wolff* and because there is some evidence to support the finding of guilty, summary judgment should be entered for Respondent on Petitioner's claims.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed both procedurally and on the merits. Reasonable jurists would not find debatable or wrong the determinations that Petitioner failed to exhaust his administrative remedies on his claims, that he failed to make out a claim for violation of a constitutional right or that he received

due process in the disciplinary hearing. The law in these areas is settled and not subject to debate. Petitioner has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 9) be granted. Petitioner's request for § 2254 relief should be denied and his petition should be dismissed with prejudice. It is further recommended that a Certificate of Appealability be denied.

Respectfully recommended this 16th day of May, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).